IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN McLAUGHLIN, Individually, and as Administrator of the Estate of E.M., a minor; STEPHANIE McLAUGHLIN; SHAWN McLAUGHLIN, as Parent and Natural Guardian of G.M., a minor; and STEPHANIE McLAUGHLIN as Parent and Natural Guardian of G.M., a minor, Plaintiffs | : : : : : : : : : : : : | No. 3:23cv839 (Judge Munley) |
| v. | : : : | |
| AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC, Defendants | : : : : | |

## MEMORANDUM

Before the court for disposition is a motion to vacate a default judgment and to dismiss plaintiff's complaint filed by Defendants Amazon.com, Inc. and Amazon.com Services, LLC (hereinafter collectively "defendants"). The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**

Plaintiffs filed the instant lawsuit in May of 2023.[1] They claim that a playpen sold on amazon.com caused the death of their child. (Doc. 1). The

---

[1] On December 14, 2023, the case was assigned to the undersigned.

complaint raises the following causes of action: wrongful death; survival action; strict products liability; breach of warranty; negligence/recklessness; negligent infliction of emotional distress; negligent misrepresentation; and equitable relief. (Id.) Plaintiffs seek compensatory and punitive damages from the defendants. (Id.)

On August 17, 2023, the plaintiffs filed a request for entry of default with the Clerk of Court. (Doc.3). Attached to the request was a return receipt indicating that mail had been sent to Defendant Amazon.com Service LLC, Attn: Legal Dept., in Seattle Washington and been received there on May 30, 2023 by an "agent" identified as "DG". (Id. at 7). A similar receipt for mail sent to Defendant Amazon.com, Inc is also attached. (Id. at 8). In their request for an entry of default, the plaintiffs indicated that these receipts were proof of service of plaintiffs' complaint on the defendants on June 6 and 7, 2023 respectively. (Id. at 1-2).

On August 22, 2023, the Clerk of Court entered default against the defendants for failure to answer, plead, or otherwise defend against the complaint pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 6).

On August 29, 2023, plaintiffs moved for entry of default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 7).

Subsequently, the court granted in part the plaintiffs' motion for entry of default judgment. (Doc. 9). The court granted the default judgment but reserved ruling on the amount of the judgment as the plaintiffs do not seek a sum certain and the amount of damages cannot be determined from the complaint. (Id.) On December 28, 2023, plaintiffs filed a motion for a damages hearing (Doc. 10) and a motion for a status conference. (Doc. 12).

Defense counsel entered their appearance and filed a motion to vacate the default judgment and a motion to dismiss the plaintiffs' complaint for failure to properly serve in a timely manner on February 23, 3024. (Docs. 14-17). The parties have fully briefed the defendants' motion bringing the case to its present posture.

**Legal Standard**

The law provides a final default judgment can be set aside under Federal Rule of Civil Procedure 60(b). See FED. R. CIV. P. 55(c). Rule 60(b) provides that a court may "relieve a party . . . from a final judgment" on several grounds, including that "the judgment is void," the judgment is based on "mistake, inadvertence, surprise or excusable neglect," or "any other reason that justifies relief." FED. R. CIV. P. 60(b).

The Third Circuit Court of Appeals has explained that it has consistently " 'emphasiz[ed] the extreme nature of a . . . default judgment,' Poulis [v. State

Farm Fire and Cas. Co.], 747 F.2d [863] at 867 [(3d Cir. 1984)], and 'repeatedly [has] stated [its] preference that cases be disposed of on the merits whenever practicable,' Hritz v. Woma Corp., 735 F.2d 1178, 1181 (3d Cir. 1984)." Mrs. Ressler's Food Prods. v. KZY Logistics LLC, 675 F. App'x 136, 137 (3d Cir. 2017). The entry of default judgment is left to the discretion of the district court, however, it is generally disfavored. Id.

**Discussion**

The defendants' motion raises two issues. First, defendants seek to vacate the default judgment entered in this case. Second, they seek dismissal of plaintiffs' complaint for failure to serve in a timely manner. The court will address each issue in turn.

**I. Motion to Strike Default Judgment**

Here, defendants argue that the entry of default judgment should be vacated because it should not have been entered in the first place. Their position is that they have never been served with a summons and the complaint, despite the claims by plaintiff in their request for entry of default.

"A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985). Accordingly, the court

must determine whether plaintiffs properly served a copy of the summons and complaint on the defendants.

The law provides that a within ninety (90) days of filing a complaint, it, along with a summons, must be served on the defendant. FED. R. CIV. P. 4(m). A plaintiff suing a corporation or an unincorporated association such as the defendants here may notify the defendant of the lawsuit and request that they waive service. FED. R. CIV. P. 4(d)(1). The waiver must be accompanied by a copy of the complaint. FED. R. CIV. P. 4(d)(1)(C).

Defendants here argue that plaintiffs never served them with a copy of the complaint. Rather, plaintiffs sent them a request for waiver of service, to which defendants did not reply. A plaintiff is allowed to request that the defendant waive service by sending a written request for waiver together with a copy of the complaint and two (2) copies of the wavier form. FED. R. CIV. P. 4(d). The rule also requires the plaintiff to inform the defendant of the consequences of failing to waive service. FED. R. CIV. P. 4(d)(1)(E). Those consequences include that the defendant pay the expenses later incurred in making service of the summons and complaint and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. P. 4(d)(2).

The distinction between sending a waiver of service to defendants and serving the complaint on the defendants is critical to the plaintiffs' default request.

5

If the defendants were not served with the complaint, then default should not have been entered and a default judgment should not have been granted. See Umbenhauer v. Woog, 969 F.2d 25 (3d Cir. 1992); Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521 (M.D. Pa. 2010) (striking default against defendant where plaintiff provided a waiver of service of process forms along with summons and complaint but did not otherwise serve the complaint when the waiver was not returned); Perez v. Griffin, No. 1:06-CV-1468, 2006 WL 3683164 (M.D. Pa. Dec. 12, 2006) (denying motion for default judgment where defendant was not properly served).

A review of the exhibits submitted by the parties indicates that the defendants are correct, and plaintiffs never served them a copy of the summons and complaint. Plaintiffs sent to the defendants a request for waiver of the service of the complaint; they did not serve them with the complaint. (See Doc. 16-4, at 8). The request for waiver of service provides the defendants thirty (30) days to waive service or the plaintiffs would have the summons and complaint served on them. (Id. at 9). Defendants took no action within thirty (30) days, and instead of serving the summons and complaint on them, the plaintiffs requested an entry of default approximately ninety (90) days later. (Doc. 3).

In the request for entry of default, the plaintiffs indicated that the defendants had been served with the complaint. (Doc. 3). The Clerk of Court,

relying on plaintiffs' assertions in the request granted the entry of default. The plaintiffs' statement appears to have been in error though, and the default should not have been entered. Because default was not properly entered, and the defendants were not served with a summons and complaint, the default judgment is void. Gold Kist, Inc., 756 F.2d at 19. Therefore, the entry of default will be set aside and the default judgment will be vacated.

## II. Motion to Dismiss Plaintiffs' Complaint

The second portion of the defendants' instant motion seeks the dismissal of plaintiffs' complaint for failure to serve it on them within ninety (90) days. As set forth above, the plaintiff did not properly serve the defendants in sending the waiver of service form. It appears that no other attempts to serve have since been made. The plaintiffs filed the complaint on May 19, 2023. (Doc. 1). Thus, the ninety-day service deadline has long passed.

After vacating a default judgment, if it is determined that the plaintiff has failed to serve the defendant within ninety (90) days, a district court must determine whether an extension of time for service is warranted. The Third Circuit Court of Appeals has set forth a two-pronged standard of review to determine whether granting an extension of time to serve is proper under Rule 4(m), which provides for both mandatory and discretionary extensions. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir.1995).

First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service, and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. Id. The court will address whether a mandatory extension is required and then, if necessary, turn to an analysis of discretionary extension.

**A. Mandatory Extension**

As noted, a mandatory extension is necessary where the plaintiffs have established good cause for their failure to serve. The Third Circuit has established three factors to consider in determining whether the plaintiff has established good cause for a mandatory extension. These factors are: (1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the service period); and (3) whether the defendant is prejudiced by the lack of timely service. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995), cert. denied, 519 U.S. 815, 117 (1996); see also McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir.1998) (holding plaintiff did not show good cause where plaintiff moved for extension of time after the time allotted for service had passed).

In applying this standard, the Third Circuit has equated "good cause" with the concept of "excusable neglect" of Federal Rule of Civil Procedure 6(b)(2). MCI Telecomms. Corp., 71 F.3d at 1097 (citing Petrucelli, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)). This standard requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Id. Furthermore, "while the prejudice [inquiry] may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Lastly, "absence of prejudice alone can never constitute good cause to excuse late service." Id. (citing United States v. Nuttall, 122 F.R.D. 163, 166–67 (D.Del.1988)). "Otherwise, a time limit would be superfluous and meaningless." United States ex rel. Thomas v. Siemens AG, 708 F.Supp.2d 505, 521, 2010 WL 1688582, at *12 (E.D.Pa.2010).

In summary, the good cause inquiry should focus on the reasonable efforts of the plaintiff to effect timely service and consider whether granting an extension of time for service would prejudice the defendant. See MCI Telecomms. Corp., 71 F.3d at 1097.

It appears here that plaintiffs believed that they had properly served the defendants. A mistake of the law, however, does not rise to the level of exhibiting a reasonable basis for their noncompliance with the service

9

requirements of Rule 4. See, e.g., U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528 (E.D.Va. 2005) (claiming "[m]istake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)."). Plaintiffs have never moved for an extension of time to serve evidently because they believed they properly served the defendants. Accordingly, plaintiffs have not established good cause for failing to timely serve the defendants and a mandatory extension is inapplicable.

**B. Discretionary Extension**

As the court has found that mandatory extension of service does not apply in the instant case, discretionary extension must be addressed. The Third Circuit suggests that the following factors, as stated in the Advisory Committee Notes to Rule 4, should be used to assist a district court in determining whether a discretionary extension is warranted: (1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or concealing a defect in attempted service; and (3) if the plaintiff is appearing pro se. See Petrucelli, 46 F.3d at 1305–06 (citing FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993 Amendments). The factors enumerated in the Advisory Committee Notes have been determined to be a non-exhaustive list by the Third Circuit. See id. Although the Petrucelli court stated that the factors listed in the Advisory Committee's Notes "are not exhaustive," it "express[ed] no opinion as to

what factors, in addition to those listed in the Advisory Committee note, a district court may consider when deciding whether to extend time for service or dismiss a case." Petrucelli, 46 F.3d at 1305–06 n. 28.  Additionally, a finding of one of these factors does not necessitate an extension of time, and whether or not an extension for service is warranted remains at the discretion of the district court. Id. at 1306; see, e.g., Chiang v. U.S. Small Bus. Admin., 331 F. App'x. 113, 116 (3d Cir. 2009) (holding that district court did not abuse its discretion by denying extension of time where defendants had actual notice of claims against them and statute of limitations on plaintiff's claim had run).

District courts have consistently considered the following factors: (1) actual notice of the legal action; (2) prejudice to the defendant; and (3) other relevant factors. See DeLuca v. AccessIT Group, Inc., 695 F.Supp.2d 54, 66 (S.D.N.Y. 2010); see also Jumpp v. Jerkins, No. 08–6268, 2010 WL 715678, at *7 (D.N.J. 2010). Additionally, as noted above, the Third Circuit has stated its preference for deciding cases on their merits, rather than through procedural technicalities. See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984); see also, e.g., Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509, 513 (D.Vi.2001) (finding it preferable to decide cases on their merits and that magistrate judge properly exercised discretion by extending time for service under Rule 4(m), where attorney failed to

move for extension before service period had passed and may have been dilatory in locating defendant).

Thus, a district court has wide discretion in deciding whether to extend time for service under Rule 4(m), but should pay particular attention to the factors enumerated by the Advisory Committee. Petrucelli, 46 F.3d at 1305–06; see also FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993 Amendments.

Here, it appears that the statute of limitations would bar plaintiffs from refiling the case. The underlying incident occurred in May of 2021, and the statute of limitations for personal injury cases under Pennsylvania law is two (2) years. 42 PA. CONS. STAT. ANN. § 5524(2). This factor weighs in favor of granting an extension.

The plaintiffs are not proceeding *pro se*, which weighs against granting an extension. However, it appears that plaintiffs sent various filings to the defendants, and they never responded until the default judgment order was sent to them. (See Doc. 22-1, Pls. Exhs. C, D, E, and F). Additionally, it appears that defendants will not be prejudiced by an extension to serve. Plaintiff filed the complaint on May 19, 2023, and the defendants moved to vacate the default judgment on February 23, 2024, approximately nine months later. (Doc. 1, Doc. 16). Thus, not a great amount of time has elapsed. These factors weigh in favor of granting an extension.

Based on an examination of these factors, it appears that the factors weighing in favor of granting the extension outweigh those against granting the extension. Accordingly, the court will use its discretion to grant a thirty (30) day extension to the plaintiffs to effect service of the summons and complaint on the defendants.

**Conclusion**

For the reasons set forth above, the default judgment entered in this case on December 15, 2023 will be vacated. The plaintiffs will be granted an extension of time to properly serve the defendants. An appropriate order follows.

Date: 8/27/24

JUDGE JULIA K. MUNLEY
United States District Court